IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BARRY EMMETT, #1383329,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-1856-S (BH) |
| ) | |
| **BOBBY LUMPKIN,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the full filing fee for this case.

**I.  BACKGROUND**

Barry Emmett (Plaintiff), an inmate in the Texas Department of Criminal Justice, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a state conviction. (*See Emmett v. Director*, No. 3:21-CV-1581-S (BH) (N.D. Tex. July 7, 2021), doc. 3. After he repeatedly failed to either pay the $5 filing fee or file a completed motion to proceed *in forma pauperis* (IFP) with a certificate of inmate trust account despite several extensions of time, one year after his petition was received, his habeas case was finally dismissed for failure to prosecute or follow court orders. (*See id.*; docs. 21, 29, 30.) In a barely legible handwritten two-page post-judgment filing received in the habeas case, Plaintiff alleged that "Bobby Lumpkin should be sanctioned for denial of access to court for not allowing $5 off account for 2 years." (*See* doc. 2.) Because his claim that he is being denied access to courts does not challenge his custody and seeks non-habeas relief that is unavailable in a habeas action, the filing was construed as a new civil rights action under 42

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings and recommendation.

U.S.C. § 1983 and filed in this case. (*See* doc. 3.) No process has been issued.

## II.  THREE STRIKES

As a prisoner apparently seeking to proceed without prepayment of fees, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Emmett v. State of Texas Corporation*, No. H-22-2504, 2022 WL 3156223 (S.D. Tex. Aug. 8, 2022) (listing eleven civil actions filed by Plaintiff that have been dismissed as frivolous or for failure to state a claim). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff's filing makes no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his denial of access to courts case.

## III.  RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the full $402 filing fee[2] prior to acceptance of this recommendation, or before

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account; the $52 administrative fee will not be deducted. *Id.*

2

a deadline otherwise established by the Court.

      **SO RECOMMENDED this 23rd day of August, 2022.**

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE